UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA GRANT, ET AL. | CIVIL ACTION |
| VERSUS | NO: 13-6032 |
| SUN CONSTRUCTION, LLC, ET AL. | SECTION: "A" (2) |

## ORDER

The following motion is before the Court: **Motion to Remand (Rec. Doc. 16)** filed by Plaintiffs, Patricia Grant, et al. Defendants, Sun Construction, LLC, Penn Mill Lakes, LLC, Cooper Engineering, Inc., Leroy J. Cooper, and Clarendon America Insurance Co., oppose the motion. The motion, noticed for submission on November 20, 2013, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is GRANTED.

I.  **Background**

This litigation concerns the allegedly defective drainage system of the Penn Mill Lakes Subdivision located in St. Tammany Parish, Louisiana. On March 20, 2008, plaintiffs Patricia Grant, et al. filed suit in state court on behalf of eight sets of homeowners within the subdivision. The state court consolidated the Grant petition with two other petitions (the Markiewicz and Shea matters) that were already pending in the 22nd JDC. On September 5, 2013, the Grant plaintiffs filed a Second Amended Class Action Petition which joined St. Tammany Parish Government ("STPG") and Leroy J. Cooper as defendants. (Rec. Doc. 1-3, Exh. B).

Defendants Sun Construction, LLC, Penn Mill Lakes, LLC, Cooper Engineering, Inc.,

---

[1] Plaintiffs have requested oral argument but the issues presented by their motion are straightforward and do not require additional argument.

1

Leroy J. Cooper, and Clarendon America Insurance Co. filed their Notice of Removal on October 3, 2013, contending that the Second Amended Petition raised federal questions for the first time thereby rendering the case removable. According to Defendants, the Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331 because the allegations in the Second Amended Petition have transformed this case from one that arises under state law to one that now arises "under the Constitution, laws or treaties of the United States" because the claims will now require the presiding judge to interpret and apply federal law. (Rec. Doc. 1 at ¶¶ 1, 25).

Plaintiffs now move the Court to remand the case to state court arguing that 1) the removal was defective because STPG did not consent to have the case removed to federal court, and 2) the Court lacks subject matter jurisdiction because the case does not arise under federal law.

Additionally, Plaintiffs request an award of costs and attorney's fees because they contend that they approached Defendants regarding the errors of law that Plaintiffs believed would require remand. Defendants nevertheless would not consent to a voluntary remand even under pain of the threat of sanctions.

## II. Discussion

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy v. Coastal Corp.*, 855

F.2d 1160, 1164 (5th Cir.1988)).

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed. 28 U.S.C. § 1441(a). The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Plaintiffs' causes of action are all state law causes of action—breach of warranties, fraud, conspiracy to defraud, etc. But Defendants contend that the state law causes of action will require the court to interpret federal law, particularly in the remedy phase of the case because Plaintiffs claim damage by having to pay increased flood premiums, and because they want a FEMA approved flood structure built to protect them.

When state law claims turn on a substantial question of federal law or implicate a significant federal issue then federal question jurisdiction may apply. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Manuf.*, 545 U.S. 308, 312-313 (2005). But federal jurisdiction demands not only a contested federal issue but a substantial one. *Id.* Other issues to consider are whether the assumption of jurisdiction would be disruptive to the state judicial system and whether uniformity in the federal law is a concern. *See id.* The fact that a substantial federal question is necessary to the resolution of a state law claim is not sufficient to permit federal jurisdiction when the exercise of jurisdiction will disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Turning now to the instant case, resolution of Plaintiffs' state law claims does not implicate any *substantial* issues of federal law such that Plaintiffs claims now arise under federal law for purposes of original jurisdiction and removal. The state court may or may not be called upon to interpret or even apply federal law at some point during Plaintiffs' case but

3

this would be merely ancillary to the application of state law, which is the law that provides the causes of action. Federal law itself provides no recovery on its own and the standard for removal under *Grable & Sons, supra*, is not simply that the court may have to refer to federal standards at some juncture. At least one claim in the case would have to turn on a *significant* and *substantial* issue of contested federal law and that is simply not the case. Defendants have identified a plethora of federal regulations and statutes that *may* be implicated by the relief that Plaintiffs have requested but even if Defendants are correct in their assertions, none of the aspects of federal law are significant and substantial and none will determine in the first instance whether Defendants are liable. The claims at issue remain issues of state law, not matters of federal concern.

In sum, Defendants have not met their burden of establishing that the Court has subject matter jurisdiction over this matter. The case must therefore be remanded to state court. Plaintiffs' argument regarding the consent of all defendants is moot. The request for attorney's fees and costs is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 16)** filed by Plaintiffs, Patricia Grant, et al. is **GRANTED** insofar as this case is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The request for attorney's fees and costs is **DENIED**.

November 27, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE